### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                          **NO.  CR 04-1058 RB**

**ROLANDO LOPEZ,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Lopez's) Motion in Limine (Doc. 41), filed on September 6, 2004.  On September 9, 2004, I held a hearing and heard arguments. Having considered the motion, arguments of counsel, and being otherwise fully advised, I find that this motion should be granted as to testimonial hearsay statements where there was no opportunity to cross examine but otherwise denied.

Lopez and co-defendant Edwin Zayas were charged in the three-count indictment with one count of conspiracy to transport illegal aliens in violation of 18 U.S.C. §1325(a)(1)(A)(v)(I) and two counts of transporting illegal aliens in violation of 18 U.S.C. §1325(a)(1)(A)(ii), 18 U.S.C. §1325(a)(1)(B)(i) and 18 U.S.C. §1325(a)(1)(A)(v)(2) on March 26, 2004.  The Indictment identified the illegal aliens as Guadalupe Jarquin-Cortes and Apolonio Jarquin-Cortes.

Guadalupe Jarquin-Cortes and Apolonio Jarquin-Cortes were held as material witnesses and conditionally released.  Counsel agreed to videotape the depositions of the material witnesses on August 19, 2004.  The witnesses failed to appear for their depositions.  Counsel believe they have returned to Mexico and will be unavailable to testify at trial.

Lopez contends that, without the witnesses, the Government will be unable to prove the immigration status of Guadalupe Jarquin-Cortes and Apolonio Jarquin-Cortes and whether they had

entered or remained in the United States illegally. Lopez objects to the use of hearsay testimony to prove these elements of the crimes charged on the ground that such testimony would violate his right to confront witnesses under *Crawford v. Washington*, ___ U.S. ___,124 S.Ct. 1354 (2004). He seeks to preclude any testimony as to the nationality of the witnesses, their immigration status, the manner of their entry, or their presence in the United States.

Zayas pleaded guilty and the Government intends to call him as a witness against Lopez. The Government plans to introduce Lopez's post-arrest, inculpating statements and agent testimony as to the incriminating circumstances of the arrest.

Until March of 2004, it had long been the rule that the admission of hearsay statements did not violate the confrontation clause if the government showed that the witness was (1) unavailable and (2) the statement was reliable. *Ohio v. Roberts*, 448 U.S. 56, 65 (1980). In *Crawford*, however, the Court overruled *Roberts* and held that where out-of-court "testimonial" evidence is at issue, the Sixth Amendment does not permit such evidence to be admitted against an accused, regardless of its reliability, unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford*, ___ U.S. at ___, 124 S.Ct. at 1373.

The key is no longer whether the statement was reliable; the issues are (1) whether the statement was testimonial, and (2) whether it was subject to cross examination. Justice Scalia did not define the term testimonial, *Crawford*, ___ U.S. at ___, 124 S.Ct. at 1374, but noted that interrogations by law enforcement officers "fall squarely within that class." *Id*. at 1365.

In this case, the witnesses' statements to law enforcement officers, offered for their truth, would be testimonial and, therefore, inadmissible because Lopez has not had an opportunity to cross examine the witnesses. *See United States v. Gonzalez-Marichal*, 317 F.Supp.2d 1200, 1204 (S. D.

Cal. 2004) (holding statements by an unavailable material witness to law enforcement regarding the witness' nationality were inadmissible under *Crawford*).

Statements by the material witnesses to Zayas and Lopez would not be barred by Crawford because such statements are nontestimonial. *Crawford*, ___ U.S. at ___, 124 S.Ct. 1374; *see also United States v. Reyes*, 362 F.3d 536, 540 n. 4 (8th Cir. 2004) ("*Crawford* did not provide additional protections for nontestimonial statements").  Writing for the majority, Justice Scalia observed in *Crawford* that "[w]here nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law--as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Crawford*, ___ U.S. at ___, 124 S.Ct. at 1374.  Statements by the material witnesses to Zayas and Lopez may be admissible under a hearsay exception.  The admissibility of nontestimonial hearsay will be determined at trial.

At the hearing, the Government proffered circumstantial evidence that may suffice to establish the elements of the crimes.  The Government may prove alienage and illegal presence in the United States by circumstantial evidence. *See United States v. Guerra-Garcia*, 336 F.3d 19, 24 (1st Cir. 2003); *United States v. Barajas-Montiel*, 185 F.3d 947, 954-55 (9th Cir. 1999).  Lopez may move for a judgment of acquittal at the close of the Government's case.  I will decide at that time whether the evidence is sufficient to go to the jury.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**