#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) NO. CR 04-1058 RB |
| | ) |
| **ROLANDO LOPEZ** | ) |
| | ) |
| **Defendant.** | ) |

#### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Lopez's) Motion for Dismissal of Conspiracy Charge (Doc. 56), filed on September 21, 2004. Having considered the motion, response, and being otherwise fully advised, I find that the motion should be denied.

On June 3, 2004, Lopez was charged in the three-count indictment with (1) conspiracy to transport illegal aliens in violation of 8 U.S.C. §1374(a)(1)(A)(v)(I), (2) transporting an illegal alien named Guadalupe Jarquin-Cortes, and (3) transporting an illegal alien named Apolonio Jarquin-Cortes on March 26, 2004. The case proceeded to trial on September 13, 2004. At the close of the government's case, I granted Lopez's motion for judgment of acquittal on the transporting illegal aliens counts. On Lopez's motion, I continued the trial until October 1, 2004.

In his motion to dismiss the conspiracy charge, Lopez argues that 8 U.S.C. §1374(a)(1)(A)(v)(I) requires a charge and proof of an overt act. Section 1374(a)(1)(A)(v)(I) provides: "Any person who . . . engages in a conspiracy to commit any of the preceding acts . . . shall be punished as provided in subparagraph (B)." 8 U.S.C. §1374(a)(1)(A)(v)(I). This differs from the general conspiracy statute, 18 U.S.C. § 371, which expressly requires an overt act. Section 371 states: "If two or more persons conspire either to commit any offense against the United States . . .

and one or more of such persons do any act to effect the object of the conspiracy . . ." 18 U.S.C. § 371. The Fifth Circuit Pattern Instruction that I relied on is based on section 371.

In *United States v. Shabani*, 513 U.S. 10, 15 (1994), the Supreme Court held that the drug conspiracy statute, 21 U.S.C. § 846, did not require the Government to prove the commission of an overt act. This decision rested on the language of section 846, which states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Section 846 does not expressly require proof of the commission of an overt act. The Court noted that it has not "inferred [an overt act requirement] from congressional silence in other conspiracy statutes." *Id.*

Similarly, the Tenth Circuit has held that violation of the civil rights conspiracy statute, 18 U.S.C. § 241, does not require proof of an overt act. *United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000). Section 241 states: "If two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . ." Section 241 contains no overt act requirement. Application of this reasoning leads to the conclusion that proof of an overt act is not a required element of a conspiracy charge pursuant to §1374(a)(1)(A)(v)(I).

In 1996, §1374(a)(1)(A) was amended to include subsection (v). Prior to the amendment, a conspiracy to transport aliens was charged under Section 371. *See United States v. Avila-Dominguez*, 610 F.2d 1266 (5th Cir. 1980). The cases cited by Lopez interpreted the pre-amendment version of §1374(a)(1)(A) and § 371. The plain language of the 1996 amendment establishes that the government need not charge or prove an overt act to obtain a conviction for conspiracy to

transport under §1374(a)(1)(A)(v)(I).

Lopez argues a conviction for the offense of conspiracy to transport undocumented aliens must be based on proof of alienage. A conspiracy that does not require proof an overt act becomes complete once the defendant knows its essential objectives and knowingly and voluntarily joins the conspiracy. *See United States v. Williams*, 374 F.3d 941, 950 (10th Cir. 2004) (discussing § 846 conspiracy). Because §1374(a)(1)(A)(v)(I) does not require an overt act, the alleged conspiracy would have been complete if Lopez knew that the objective of the conspiracy was to transport illegal aliens and he knowingly and voluntarily became a part of the conspiracy. Accordingly, alienage is not an essential element of a conspiracy charge under §1374(a)(1)(A)(v)(I).

In his reply, Lopez argues that 8 U.S.C. §1374(a)(1)(A)(v)(I) includes an overt act requirement. Lopez cites no authority for this proposition. The statute plainly states that "[a]ny person who . . . engages in a conspiracy to commit any of the preceding acts . . . shall be punished as provided in subparagraph (B)." 8 U.S.C. §1374(a)(1)(A)(v)(I). Lopez's arguments are without merit.

**WHEREFORE,**

**IT IS ORDERED** that Lopez's Motion for Dismissal of Conspiracy Charge (Doc. 56), filed on September 21, 2004, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**